UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZHENGQIANG DENG,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | Case No. 2:26-cv-02377-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

On April 23, 2026, Petitioner Zhengqiang Deng filed a petition through counsel for a writ of habeas corpus. *Deng v. United States Dep't of Homeland Security*, 2:26-cv-01377-TSZ, 2026 WL 1469830 (W.D. Wash. May 26, 2026). Counsel raised several claims including that: (1) agents of Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection violated Petitioner's Due Process rights when they arrested him on February 17, 2026; and (2) his detention was erroneously based on criminal charges for drug solicitation and mortgage fraud that had been dismissed. *Id*. at *1. On March 31, 2026, an Immigration Judge ("IJ") denied Petitioner bond on the ground that Petitioner was a danger to the community. *Id*.

On May 26, 2026, Judge Zilly denied the petition. In the Order denying the petition, Judge Zilly stated:

> [R]espondents provided a Federal Bureau of Investigation National Crime Information Center ("NCIC") report showing that petitioner was convicted in 2023 of (i) criminal solicitation of a controlled substance offense, and (ii) mortgage fraud, and received a 24-month sentence that was deferred on certain conditions . . . . [P]etitioner has offered no evidence that the convictions at issue have been vacated or that the information in the NCIC report is inaccurate.

*Id*.

Petitioner filed a second habeas petition — this time without counsel — on July 9, 2026, again challenging his detention on due process grounds. Dkt. 5 at 1. Respondents ask this Court to dismiss the second petition under the abuse of the writ doctrine. Dkt. 8 at 2.

## II. LEGAL STANDARD

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). The doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation modified). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.*

The Court notes that the general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to a petition such as this one that is filed under § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals . . . in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation

marks omitted). Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether the claims are truly duplicative and whether a petitioner can "show cause for failing to raise" a claim in a prior petition. *See McCleskey*, 499 U.S. at 494; *Barapind*, 225 F.3d at 1111–12.

## III. DISCUSSION

As a threshold matter, Respondents have shown that the claims brought by Petitioner are duplicative. *See* Dkt. 8 at 6–7. The burden then shifts to Petitioner to show cause or a fundamental miscarriage of justice. *McCleskey*, 499 U.S. at 494–95. Petitioner argues in reply that his second petition is not an abuse of the writ because his previous counsel was ineffective. Dkt. 9 at 2–3.

Petitioner's argument is not persuasive. Although there is not a constitutional right to counsel in civil cases, the Court assumes for the sake of argument that egregious attorney malpractice could satisfy the equitable standard for cause or miscarriage of justice. *See McCleskey*, 499 U.S. at 494 (while "ineffective assistance of counsel" is cause, "attorney error short of ineffective assistance of counsel . . . does not constitute cause"). Petitioner has not met that high bar. Petitioner asserts that he suffered prejudice because counsel failed to file a traverse in his previous case. Dkt. 9 at 15–16. But Petitioner does not explain what counsel should have argued had he filed a traverse; he does not identify what successful arguments could have been made to challenge either his initial arrest and detention or his later denial of bond. As Judge Zilly observed when denying the previous petition, this district's procedural due process cases requiring a pre-deprivation hearing before re-detention in some circumstances generally have not been extended to cases of initial detention like Petitioner. *See Deng I*, 2026 WL 1469830, at *2. And the IJ's later finding of dangerousness and denial of bond could reasonably have been based on Petitioner's recent criminal convictions. *See Martinez v. Clark*, 124 F.4th 775, 781–82 (9th

Cir. 2024) (holding that a district court may review an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine only "whether an IJ correctly applied the [legal] standard to a given set of facts."); *Deng I*, 2026 WL 1469830, at *3. Petitioner has not shown the type of significant error by counsel that could potentially overcome the bar against successive petitions.

The Court notes, however, that Petitioner remains detained under § 1226(a), meaning he is subject only to discretionary rather than mandatory detention. This enables him to request a new bond hearing if there has been a material change in his circumstances. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022) (citing 8 C.F.R. § 1003.19(e)). Petitioner's arguments and exhibits suggest that since his first bond hearing, the King County Superior Court dismissed a previous charge against him based on his completion of the terms and conditions of his deferred sentence. *See* Dkt. 5 at 21 ("Mr. Deng's convictions no longer exist"); Dkt. 5-1 at 49–50. If that is correct, Petitioner must bring this type of new information before the immigration court in the first instance to seek a new bond hearing.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. Petitioner's petition for a writ of habeas corpus (Dkt. 5) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner at his last known address.

Dated this 26th day of August, 2026.

Tiffany M. Cartwright
United States District Judge